UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DESHAWN JENKINS,

                   Petitioner,

                                                CASE NO. 2:14-CV-12207
v.                                      HONORABLE GEORGE CARAM STEEH

JEFFREY WOODS,

                   Respondent.

_____/

**<u>OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF
HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY,
AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL</u>**

**I.    Introduction**

Michigan prisoner Deshawn Jenkins ("petitioner") has filed a pro se petition for a writ

of habeas corpus pursuant to 28 U.S.C. § 2254 asserting that he is being held in violation

of his constitutional rights.  The petitioner was convicted of second-degree murder, MICH.

COMP. LAWS § 750.317, and possession of a firearm during the commission of a felony,

MICH. COMP. LAWS § 750.227b, following a jury trial in the Wayne County Circuit Court and

was sentenced to consecutive terms of 25 to 40 years imprisonment and two years

imprisonment in 2012.  In his pleadings, he raises claims concerning the sufficiency of the

evidence and the validity of his sentence.

Promptly after the filing of a habeas petition, a federal district court must undertake

a preliminary review of the petition to determine whether "it plainly appears from the face

of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the

district court."  Rule 4, Rules Governing § 2254 Cases; <u>see also</u> 28 U.S.C. § 2243.  If, after

preliminary consideration, the court determines that the petitioner is not entitled to relief, the court must summarily dismiss the petition.  Id., see also Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face).  The court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to federal habeas relief.  McFarland v. Scott, 512 U.S. 849, 856 (1994); Carson v. Burke, 178 F.3d 434, 436 (6th Cir. 1999); Rule 4, Rules Governing § 2254 Cases.  No response to a habeas petition is necessary when the petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response from the State.  Allen, 424 F.2d at 141; Robinson v. Jackson, 366 F. Supp. 2d 524, 525 (E.D. Mich. 2005).

After undertaking the review required by Rule 4, the court finds that the petitioner's claims lack merit and denies the habeas petition.  The court also denies a certificate of appealability and denies leave to proceed in forma pauperis on appeal.

## II.    Facts and Procedural History

The petitioner's convictions arise from the shooting death of Terry L. Cooper in Detroit, Michigan on September 24, 2010.  At trial, Terrance Cross, the victim's brother, identified the petitioner as the shooter and testified that the shooting occurred during an argument between the petitioner and his brother outside an abandoned house where they dealt drugs.  Antuanisha Brown, the victim's cousin who dated the petitioner near the time of the shooting, testified that the petitioner told her that he shot the victim, but claimed that it happened when the victim tried to take his gun and scared him.  The petitioner did not

testify at trial, but denied committing the shooting.  The court further adopts the petitioner's more detailed statement of facts.  <u>See</u> Pet. Brf., pp. 1-18.

Following his convictions and sentencing, the petitioner filed an appeal of right with the Michigan Court of Appeals raising the same two claims presented on habeas review. The court determined that the claims lacked merit and affirmed the petitioner's convictions and sentences.  <u>People v. Jenkins</u>, No. 310004, 2013 WL 2922071 (Mich. Ct. App. June 13, 2013) (unpublished).   The petitioner states that he attempted to file a delayed application for leave to appeal with the Michigan Supreme Court in May, 2014, but his application was rejected as untimely.

The petitioner thereafter filed his federal habeas petition raising the following claims as grounds for relief:  (1) the prosecution presented insufficient evidence on the element of identity to support his second-degree murder and felony firearm convictions, and (2) his consecutive sentences of 25 to 40 years imprisonment and two years imprisonment constitute cruel and unusual punishment.

**III.    Standard of Review**

Federal law imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

-3-

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent.'" Mitchell v. Esparza, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting Williams v. Taylor, 529 U.S. 362, 405-06 (2000)); see also Bell v. Cone, 535 U.S. 685, 694 (2002).

"[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts of petitioner's case.'" Wiggins v. Smith, 539 U.S. 510, 520 (2003) (quoting Williams, 529 U.S. at 413); see also Bell, 535 U.S. at 694. However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" Wiggins, 539 U.S. at 520-21 (citations omitted); see also Williams, 529 U.S. at 409. "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" Renico v. Lett, 559 U.S. 766, 773 (2010) (quoting Lindh, 521 U.S. at 333, n. 7; Woodford v. Viscotti, 537 U.S. 19, 24 (2002) (per curiam)).

The United States Supreme Court has held that "a state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, _ U.S. _, 131 S. Ct. 770, 786 (2011) (citing Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). The Supreme Court emphasized "that even a strong case for relief does not mean the state

court's contrary conclusion was unreasonable." Id. (citing Lockyer v. Andrade, 538 U.S. 63, 75 (2003)).  Pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court.  Id. Thus, in order to obtain federal habeas relief, a state prisoner must show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."  Id.

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision.  Williams, 529 U.S. at 412;  see also Knowles v. Mirzayance, 556 U.S. 111, 122 (2009) (noting that the Supreme Court "has held on numerous occasions that it is not 'an unreasonable application of clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by this Court") (quoting Wright v. Van Patten, 552 U.S. 120, 125-26 (2008) (per curiam)); Lockyer, 538 U.S. at 71-72.  Section 2254(d) "does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'"  Harrington, 131 S. Ct. at 785.  Furthermore, it "does not require citation of [Supreme Court] cases–indeed, it does not even require awareness of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them."  Early v. Packer, 537 U.S. 3, 8 (2002); see also Mitchell, 540 U.S. at 16.  While the requirements of "clearly established law" are to be

determined solely by Supreme Court precedent, the decisions of lower federal courts may be useful in assessing the reasonableness of the state court's resolution of an issue. Stewart v. Erwin, 503 F.3d 488, 493 (6th Cir. 2007) (citing Williams v. Bowersox, 340 F.3d 667, 671 (8th Cir. 2003)); Dickens v. Jones, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

Lastly, a state court's factual determinations are presumed correct on federal habeas review. See 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption with clear and convincing evidence. Warren v. Smith, 161 F.3d 358, 360-61 (6th Cir. 1998). Moreover, habeas review is "limited to the record that was before the state court." Cullen v. Pinholster, _ U.S. _, 131 S. Ct. 1388, 1398 (2011).

## IV.    Analysis

### A.    Exhaustion

As an initial matter, the court notes that the petitioner has not properly exhausted his habeas claims in the state courts. A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process); Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994). To satisfy the exhaustion requirement, the claims must be "fairly presented" to the state courts, meaning that the petitioner must have asserted both the factual and legal bases for the claims in the state courts. McMeans v. Brigano, 228 F.3d 674, 681 (6th Cir. 2000); see also Williams v. Anderson, 460 F.3d 789, 806 (6th Cir. 2006) (citing McMeans). The claims must be presented to the state courts as federal constitutional issues. Koontz v. Glossa, 731 F.2d 365, 368 (6th Cir. 1984). Each issue must be presented to both the

Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement.  Welch v. Burke, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); see also Hafley v. Sowders, 902 F.2d 480, 483 (6th Cir. 1990).  The burden is on the petitioner to prove exhaustion.  Rust, 17 F.3d at 160.

In this case, the petitioner admits that he failed to timely seek leave to appeal with the Michigan Supreme Court on direct appeal of his convictions.  Consequently, he has not fully exhausted his habeas claims in the state courts.  The court, however, declines to dismiss the habeas petition on such a basis.  While the exhaustion requirement is strictly enforced, it is not a jurisdictional prerequisite for bringing a habeas petition.  Granberry v. Greer, 481 U.S. 129, 134-35 (1987); Rockwell v. Yukins, 217 F.3d 421, 423 (6th Cir. 2000).  For example, an unexhausted claim may be addressed if the pursuit of state court remedies would be futile, Witzke v. Withrow, 702 F. Supp. 1338, 1348 (W.D. Mich. 1988), or if the unexhausted claim is meritless such that addressing it would be efficient and not offend federal-state comity.  Prather v. Rees, 822 F.2d 1418, 1422 (6th Cir. 1987); 28 U.S.C. § 2254(b)(2) (habeas petition may be denied on the merits despite the failure to exhaust state court remedies).  The court finds that the interests of justice would be best served by adjudicating the petitioner's habeas claims because further exhaustion in the state courts is likely to be futile and because the claims lack merit and may be denied despite the lack of exhaustion.  The court will therefore proceed to address the merits of the petitioner's claims.

### B.      Sufficiency of the Evidence Claim

The petitioner first asserts that he is entitled to habeas relief because the prosecution presented insufficient evidence of his identity to support his second-degree murder and felony firearm convictions.

The federal due process clause "protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged."  In re Winship, 397 U.S. 358, 364 (1970).  The question on a sufficiency of the evidence claim is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979).  A federal habeas court views this standard through the framework of 28 U.S.C. § 2254(d).  Martin v. Mitchell, 280 F.3d 594, 617 (6th Cir. 2002).  Thus, under the AEDPA, challenges to the sufficiency of the evidence "must survive two layers of deference to groups who might view facts differently" than a reviewing court on habeas review – the factfinder at trial and the state court on appellate review – as long as those determinations are reasonable.  Brown v. Konteh, 567 F.3d 191, 205 (6th Cir. 2009).  Furthermore, the Jackson standard must be applied "with explicit reference to the substantive elements of the criminal offense as defined by state law." Brown v. Palmer, 441 F.3d 347, 351 (6th Cir. 2006) (quoting Jackson, 443 U.S. at 324 n. 16).  "A reviewing court does not re-weigh the evidence or re-determine the credibility of the witnesses whose demeanor has been observed by the trial court." Matthews v. Abramajtys, 319 F.3d 780, 788 (6th Cir. 2003) (citing Marshall v. Lonberger, 459 U.S. 422, 434 (1983)).  Accordingly, the "mere existence

-8-

2:14-cv-12207-GCS-DRG   Doc # 3   Filed 06/11/14   Pg 9 of 14   Pg ID 52

of sufficient evidence to convict . . . defeats a petitioner's claim." <u>Matthews</u>, 319 F.3d at 788-89.

Under Michigan law, the elements of second-degree murder are: (1) a death, (2) caused by an act of the defendant, (3) with malice, and (4) without justification or excuse. MICH. COMP. LAWS § 750.317; <u>People v. Goecke</u>, 457 Mich. 442, 463-64, 579 N.W.2d 868, 878 (1998) (citing <u>People v. Bailey</u>, 451 Mich. 657, 669, 549 N.W.2d 325, 331 (1996)). Malice is defined as the intent to kill, the intent to cause great bodily harm, or the intent to perform an act in wanton and willful disregard of the likelihood that the natural tendency of such behavior is to cause death or great bodily harm. <u>Id</u>. at 464 (citing <u>People v. Aaron</u>, 409 Mich. 672, 728, 299 N.W.2d 304, 326 (1980)). Malice may be inferred from the use of a deadly weapon. <u>Carines</u>, 460 Mich. at 759, 597 N.W.2d at 136. The elements of felony firearm are that the defendant possessed a firearm during the commission of, or an attempt to commit, a felony offense. MICH. COMP. LAWS § 750.227b; <u>People v. Akins</u>, 259 Mich. App. 545, 554, 675 N.W.2d 863, 873 (2003) (quoting <u>People v. Avant</u>, 235 Mich. App. 499, 505, 597 N.W.2d 864, 869 (1999)).

The prosecution must prove every element of a charged offense beyond a reasonable doubt. This burden includes proving that the defendant is the person who committed the charged crime. <u>People v. Oliphant</u>, 399 Mich. 472, 489, 250 N.W.2d 443, 449 (1976); <u>People v. Kern</u>, 6 Mich. App. 406, 409, 149 N.W.2d 216, 218 (1967). In other words, "proof of [the] defendant's connection with the alleged offense is an indispensable element of [the prosecutor's] duty." <u>Kern</u>, <u>supra</u>. Direct or circumstantial evidence and reasonable inferences arising from that evidence may constitute satisfactory proof of the elements of an offense, <u>People v. Nowack</u>, 462 Mich 392, 399-400, 614 N.W.2d 78, 81

-9-

(2000); People v. Jolly, 442 Mich. 458, 466, 502 N.W.2d 177, 180 (1993), including the

identity of the perpetrator, Dell v. Straub, 194 F. Supp. 2d 629, 647 (E.D. Mich. 2002);

People v. Johnson, 146 Mich. App. 429, 434, 381 N.W.2d 740, 742 (1985).

      Applying the Jackson standard, the Michigan Court of Appeals found that the

prosecution presented sufficient evidence to support Petitioner's convictions and denied

relief on this claim.  The court explained:

> Jenkins first argues that there was insufficient evidence to establish that he
> was the person who shot and killed Terry L. Cooper. "In challenges to the
> sufficiency of the evidence, this Court reviews the record evidence de novo
> to determine whether a rational trier of fact could have found that the
> essential elements of the crime were proved beyond a reasonable doubt."
> People v. Roper, 286 Mich App 77, 83; 777 NW2d 483 (2009).
>
> Here, Jenkins only challenges the sufficiency of the evidence establishing his
> identity. See People v. Yost, 278 Mich App 341, 356; 749 NW2d 753 (2008)
> (stating that identity is an element of every crime). At trial, Cooper's brother,
> Terrance Cross, testified that he was with Jenkins and Cooper when the two
> began to argue. He said that he was walking in front of them when he heard
> his brother say, "I don't give a fuck about the gun, I['ll] smack you and take
> the gun." At that point, he turned and saw Jenkins pull out a gun and shoot
> his brother. This testimony was sufficient to establish that Jenkins used a
> firearm to kill Cooper. People v. Davis, 241 Mich App 697, 700; 617 NW2d
> 381 (2000) (stating that a witness' positive identification is generally sufficient
> to establish identity).
>
> Jenkins concedes that Cross identified him as the person who shot Cooper,
> but nevertheless contends that Cross' testimony was not worthy of belief
> because of his criminal record and his inconsistent statements to police
> officers. There was evidence that Cross had a criminal record and gave
> police officers inconsistent statements. However, these factors go to the
> weight and credibility of Cross' testimony, rather than the sufficiency of the
> evidence; and it is for the jury to determine whether and to what extent a
> witness should be believed. People v. Wolfe, 440 Mich 508, 514–515; 489
> NW2d 748 (1992).
>
> There was sufficient evidence to establish Jenkins' identity as the perpetrator
> of the charged crimes.

Jenkins, 2013 WL 2922071 at *1.

The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts.  The prosecution presented sufficient evidence to establish the petitioner's guilt of second-degree murder and felony firearm through the eyewitness testimony of Terrance Cross, as well as the petitioner's own admissions to Antuanisha Brown after the shooting.  Considered in a light favorable to the prosecution, such evidence was sufficient to show that the petitioner intentionally shot the victim with a firearm, which resulted in the victim's death.

The petitioner challenges the credibility of the prosecution's witnesses, particularly Terrance Cross, and the jury's evaluation of the evidence.  However, it is the job of the fact-finder at trial, not a federal habeas court, to resolve such evidentiary conflicts.  Jackson, 443 U.S. at 326; Martin v. Mitchell, 280 F.3d 594, 618 (6th Cir. 2002); see also Walker v. Engle, 703 F.2d 959, 969-70 (6th Cir. 1983) ("A federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume - even if it does not affirmatively appear in the record - that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution.").  The jury's verdict, and the Michigan Court of Appeals' decision affirming that verdict, were reasonable.  The evidence presented at trial, viewed in a light favorable to the prosecution, established beyond a reasonable doubt that the petitioner committed the crimes of which he was convicted.  Habeas relief is not warranted.

### C.    Sentencing Claim

The petitioner next asserts that he is entitled to habeas relief because his consecutive sentences of 25 to 40 years imprisonment and two years imprisonment constitute cruel and unusual punishment.

The Michigan Court of Appeals reviewed this claim for plain error and denied relief. The court found that the petitioner's sentences were within the sentencing guideline range and were presumptively proportionate, that the petitioner had not rebutted the presumption, and that his sentences did not constitute cruel and unusual punishment. Jenkins, 2013 WL 2922071 at *1-2.

The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. As an initial matter, the court notes that the petitioner's sentences are within the statutory maximums of life imprisonment for second-degree murder and two years imprisonment for felony firearm. MICH. COMP. LAWS §§ 750.317, 750.227b. A sentence within the statutory limits is generally not subject to federal habeas review. Townsend v. Burke, 334 U.S. 736, 741 (1948); Cook v. Stegall, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999). Claims which arise out of a state court's sentencing decision are not cognizable upon habeas review unless the petitioner can show that the sentence imposed exceeded the statutory limits or is wholly unauthorized by law. Lucey v. Lavigne, 185 F. Supp. 2d 741, 745 (E.D. Mich. 2001). The petitioner makes no such showing.

The petitioner asserts that his sentences violate the Michigan Constitution's prohibition against cruel and unusual punishment. This claim, however, is not cognizable on federal habeas review because it is a state law claim. Austin v. Jackson, 213 F.3d 298, 300 (6th Cir. 2000); Broadnax v. Rapelje, No. 2:08-CV-12158, 2010 WL 1880922, *3 (E.D. Mich. May 11, 2010); Baker v. McKee, No. 06-CV-12860, 2009 WL 1269628, *6 (E.D. Mich. April 30, 2009). State courts are the final arbiters of state law and the federal courts will not intervene in such matters. Lewis v. Jeffers, 497 U.S. 764, 780 (1990); Oviedo v. Jago,

809 F.2d 326, 328 (6th Cir. 1987); see also Bradshaw v. Richey, 546 U.S. 74, 76 (2005);

Sanford v. Yukins, 288 F.3d 855, 860 (6th Cir. 2002).  Habeas relief does not lie for

perceived errors of state law.  Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).  The

petitioner thus fails to state a claim upon which relief may be granted as to this issue.

        The petitioner also asserts that his sentences violate the United States Constitution's

prohibition against cruel and unusual punishment.  He is not entitled to relief on this Eighth

Amendment claim.  The United States Constitution does not require strict proportionality

between a crime and its punishment.  Harmelin v. Michigan, 501 U.S. 957, 965 (1991).  A

sentence that falls within the maximum penalty authorized by statute "generally does not

constitute 'cruel and unusual punishment.'"  Austin, 213 F.3d at 302 (internal citation

omitted).  The petitioner's sentences, while lengthy, are within the state sentencing

guidelines and the statutory maximums.  The trial court acted within its discretion in

imposing the petitioner's sentences and there is no extreme disparity between his crime

and sentences so as to offend the Eighth Amendment.  Simply stated, the petitioner has

not shown that his sentences are unconstitutional.  Habeas relief is not warranted.

## V.    Conclusion

        For the reasons stated, the court concludes that the petitioner's claims lack merit

and that his habeas petition must be denied.

        Before the petitioner may appeal the court's decision, a certificate of appealability

must issue.  See 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b).  A certificate of

appealability may issue "only if the applicant has made a substantial showing of the denial

of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a district court denies relief on the

merits, the substantial showing threshold is met if the petitioner demonstrates that

-13-

reasonable jurists would find the court's assessment of the constitutional claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Having conducted the requisite review, the court concludes that the petitioner fails to make a substantial showing of the denial of a constitutional right. No certificate of appealability is warranted. Nor should the petitioner be granted leave to proceed in forma pauperis on appeal as any appeal cannot be taken in good faith. *See* FED. R. APP. P. 24(a).

Accordingly;

**IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** and leave to proceed in forma pauperis on appeal is **DENIED**.

Dated: June 11, 2014

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on June 11, 2014, by electronic and/or ordinary mail and also on Deshawn Jenkins #835289, Chippewa Correctional Facility, 4269 W. M-80, Kincheloe, MI 49784.

s/Barbara Radke
Deputy Clerk

-14-